# CHARLESTON.

## COCHRAN v. COCHRAN.

Submitted February 16, 1904—Decided March 1, 1904.

1. CO-TENANT—*Adverse Possesion.*

When one tenant in common occupies the common property openly, notoriously and exclusively as the sole owner, keeping up the improvements, paying the taxes thereon and receiving to himself the rents and profits, and exercising over the property such acts of ownership as evidence an intention to ignore the rights of his cotenants, such acts amount to a disseizin and his possession will be regarded as adverse to his co-tenants from the time they are shown to have knowledge of such acts and claims. (p. 180).

Appeal from Circuit Court, Pocahontas County.

Bill by D. J. Cochran against George B. Cochran and others. Decree for plaintiff, and denfendant, George B. Cochran, appeals.

*Reversed in part.* .

GILMER & GILMER, for appellant.

McNEILL & McNEILL, for appellee.

McWHORTER, JUDGE:

D. J. Cochran filed his bill in the circuit court of Pocahontas county against Michæl Cochran, Miles Cochran, Nancy Cochran, Samuel Cochran and George B. Cochran, praying for the parti- · tion of two tracts of land containing respectively two hundred and fifteen acres and seventy-two acres, in said county. The two hundred and fifteen acres having descended from his father, Jesse Cochran and the seventy-two acres from Jane Cochran, his mother. George B. Cochran filed his answer and cross bill admitting that the plaintiff was entitled to a partition among himself and the other heirs, of the two hundred and fifteen acres, but claiming the seventy-two acres as his own, alleging that it belonged to his mother, Jane Cochran; that his father had died in 1865; that respondent had from that time until his mother's death, in 1882, taken care of and supported her and that she had promised to give to him, and in fact had given to him the

seventy-two acres of land, and placed him in actual possession thereof, and that he had continued in possession of said seventy-two acres of land from that time until the present; that he had tilled the same, maintaining the fences, exercised sole and exclusive possession and control thereof, had paid all taxes thereon and as much as eighteen years prior to the making of his answer notified the plaintiff in this cause, and all the other heirs at law of Jane Cochran that respondent claimed all of said seventy-two acres and that he did not recognize any other right thereto; that no one of the children of Jane Cochran, other than respondent, ever had any part of said seventy-two acres in posession, and denied that plaintiff was entitled to any part, share or interest therein; denied that the seventy-two acres was capable of being partitioned and the plaintiff had any right to have the same partitioned or sold; that plaintiff lived close to respondent and well knew he had never allowed any rights on said seventy-two acres, and that respondent had expressly claimed all of the same and had never allowed any one else to have any control or possession of it; that the county road separated the seventy-two acres from the part owned by Jesse Cochran; that respondent had paid all taxes on his father's interest in four hundred and thirty acres of land (which was the two hundred and fifteen acre tract) for over thirty years, and that neither the plaintiff nor any one of the defendants, other than respondent had ever paid any taxes on said land and he had saved the land from forfeiture, and prayed that all he had so paid be repaid to him, and that his title to the seventy-two acres be quieted; that this answer be treated as a cross bill, and that process issue against plaintiff and the other defendants in said suit, and that he recover his costs, and for general relief.

The plaintiff and defendants who were made parties defendant to the cross bill were summoned but none of them filed answers to said answer and cross bill. Depositions were taken and filed in the cause and the cause came on to be heard on the 11th day of April, 1902. While no answers were filed to the cross bill, it is stated in the decree that D. J. Cochran, and Samuel Cochran contested the claim set up by G. B. Cochran. "Upon consideration of the pleadings, depositions and exhibits, and the court being of the opinion that the defendant George B. Cochran, is not entitled to the seventy-two acre tract, as

claimed by his answer in the nature of a cross bill filed in this cause, but that his possession of the same inures to the benefit of the co-parceners." The court proceeded to appoint commissioners to go upon the said two tracts of two hundred and fifteen acres and seventy-two acres and partition the same among the parties entitled thereto according to their respective interests, from which decree the said defendant, George B. Cochran, appealed.

But one question arises for consideration in this cause. The appellant, George B. Cochran, by his answer and cross bill shows that he had sole, actual, exclusive and adverse possession of the seventy-two acres of land from the time of the death of his mother, in 1882, and that eighteen years before the institution of this suit he had notified the plaintiff and all the other heirs at law of his mother of his exclusive claim to the land, and the fact that he did not recognize any rights in any of the said heirs in said land. It is shown that the plaintiff lived on land adjoining the seventy-two acres and that he helped said George B. Cochran to maintain a line fence between the land of plaintiff and this seventy-two acres. The answer and cross bill of defendant was taken for confessed as to the plaintiff and all the other heirs, defendants thereto. In Newell on Ejectment, section 72, page 763, it is said: "The possession of one co-tenant is the possession of all the rest. * * * But when one tenant in common occupies the common property openly, notoriously and exclusively as the sole owner, improving it and receiving to himself the rents and profits, or exercising over the property such acts of ownership as evidence an intention to ignore the rights of his co-tenants, such acts will amount to a disseizin and his possession will be regarded as adverse to his co-tenants from the time they are shown to have knowledge of such acts and claims;" and authorities there cited. See also Buswell on Limitations and Adverse Possession, section 298, to the same effect. *Cooey* v. *Porter,* 22 W. Va. 120; and in *Justice* v. *Lawson,* 46 W. Va. 163, (syl. pts. 3 and 4), it is held:

(3). "One tenant in common may oust his co-tenant, and hold in severalty, but, a silent possession, unaccompanied with any action amounting to an ouster, or giving notice to the co-tenant that his possession is adverse, cannot be construed into an adverse possession."

(4). "It is the intention of the tenant or parcener in pos-

session to hold the common property in severalty and exclusively as his own, with notice or knowledge to his co-tenants of such intention that constitutes the disseizin."  .

Defendant, George B. Cochran, after notifying plaintiff and all the other heirs of his claim to said seventy-two acres, claiming it under his mother, the owner, who placed him in possession of it, continued in open, notorious, adverse and exclusive possession, if not with the consent, with the acquiescence of all the other heirs, undisturbed in such possession for a period of eighteen years before the institution of this suit; and this, under the authorities cited, entitled the said George B. Cochran to have title to the said seventy-two acres of land, and the court erred in directing its partition among the heirs at law of the said Jane Cochran.

The decree of the circuit court, only to that extent, is reversed and the cause remanded with directions to require the heirs at law of the said Jane Cochran to convey the said seventy-two acres to said George B. Cochran, and to appoint a commissioner to convey the same for them, in default of their doing so, and for such further proceedings in said cause as may be proper to be had therein.

*Reversed in part.*